**Papetti Samuels Weiss LLP**
Scottsdale Quarter
15169 North Scottsdale Road
Suite 205
Scottsdale, AZ 85254

**Jared Sutton** (State Bar No. 028887)
Direct Dial: 480.800.3527
Email: jsutton@PSWfirm.com

**Jennifer Lee-Cota** (State Bar No. 033190)
Direct Dial: 480.800.3528
Email: jleecota@PSWfirm.com

*Attorneys for Plaintiff Best Western International, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Mayfield Investments, Ltd. a foreign limited company, | |
| Defendant. | |

Plaintiff Best Western International, Inc. ("Best Western"), for its Complaint against Mayfield Investments, Ltd, alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Best Western is a non-profit corporation organized under Arizona law with its headquarters located in Phoenix, Arizona.

2. Defendant Mayfield Investments, Ltd ("Mayfield") is a Canadian company with its principal place of business in Calgary, Alberta.

3. Defendant owns a hotel located at 3201 48th Avenue in Camrose, Alberta, Canada (the "Hotel").

4. Upon information and belief Jason Pechet is the President of Mayfield.

5. Pursuant to the BW Premier Collection Distribution Agreement ("Distribution Agreement") entered into by Mayfield on March 6, 2017, Defendant agreed that the forum for any dispute arising under the Distribution Agreement would be

a state or federal court within the geographical boundaries of Maricopa County, Arizona.

6. This Court has jurisdiction over the claims and venue is proper pursuant to 28 U.S.C. §§ 1391 and 1332 because: (1) Best Western is an Arizona non-profit corporation with its principal place of business in Phoenix, and its witnesses are either located in Phoenix or available in Phoenix; (2) the Defendant is a citizen of Canada; (3) the amount in controversy exceeds $75,000.00; (4) there are no matters pending between the parties in any other jurisdiction; and (5) the Defendant executed a contract that contained a forum-selection clause requiring any dispute to be resolved in Maricopa County, Arizona, according to Arizona law.

7. The exercise of personal jurisdiction over the Defendant by this Court is proper pursuant to and because, among other reasons, the Defendant expressly agreed to litigate any dispute with Best Western in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

8. BW Premier Collection® is an exclusive soft brand offering provided to independent hoteliers. As part of the BW Premier Collection, properties are provided access to Best Western's reservation system and various other services.

9. The rights and obligations of BW Premier Collection properties are governed by the BW Premier Collection's distribution agreement. *See* Distribution Agreement attached at Exhibit 1.

10. On or around March 6, 2017, Pechet as President of Mayfield, executed the Distribution Agreement for the Hotel. Ex. 1 at p. 1.

11. The Distribution Agreement requires Defendant to pay fees and/or charges to Best Western as detailed in Exhibit A to the Distribution Agreement. *Id*. at ¶ 3c and Exhibit A.

12. The Distribution Agreement provides that if Best Western did not receive payment within forty-five (45) days of the date of its invoices, Defendant was subject to a monthly late fee of one and one-half percent per month or the maximum amount permitted by law, whichever was less. *Id*. at ¶ 3h.

2

13. The Distribution Agreement provides that either party could cancel the Distribution Agreement for cause upon fifteen (15) days' notice and a fifteen (15) day cure period. *Id.* at ¶ 1b.

14. The Distribution Agreement provides that if Plaintiff Best Western cancelled the Distribution Agreement for cause, Defendant would be required to pay Best Western liquidated damages in the amount of $25,000. *Id.* at 1c.

15. Each month Best Western sent Defendant monthly invoices with respect the Distribution Agreement for the Hotel. Those invoices included an "aging summary," showing the current balance due, any amounts past due by 30 days, any amounts past due by 60 days, any amounts past due by 90 days, and any amounts past due by 120 days or more. Many charges were billed in arrears for reservation activity that occurred the month before.

16. Defendant failed to timely pay the fees and/or charges to Best Western as detailed in Exhibit A to the Distribution Agreement and as shown in the monthly invoices sent to Defendant. (Ex. 2, January 2021 to July 2021 Invoices.)

17. Defendant's President, Pechet, had multiple communications with Best Western's staff about the outstanding amounts owed, but Defendant rejected each proposal offered by Best Western for a possible payment plan to resolve the outstanding amounts owed and bring the Defendant current.

18. On August 3, 2021, Best Western sent a notice of default to Defendant, and consistent with the Distribution Agreement, gave Defendant 15 days to cure. (Ex. 3, Letter dated 8/3/21; Ex. 2, August 2021 Invoice.)

19. In the August 3, 2021 letter, Best Western reminded Defendant that it owed Best Western $111,767.77 and that of that amount $85,598.06 was over 120 days past due. The letter also noted that should Best Western terminate after the cure period, which it was entitled to do, that Defendant would also owe $25,000 in liquidated damages per the Distribution Agreement. Defendant did not respond and did not pay the outstanding amounts owed.

3

20. On August 19, 2021, Best Western sent a letter notifying Defendant that it had terminated the Distribution Agreement for cause for Defendant's non-payment of the outstanding Best Western account, and Best Western deleted the Hotel from its reservation system. (Ex. 4, Letter dated 8/19/21.)

21. Best Western's August 19, 2021, letter also noted that Defendant was required to de-brand and cease using Best Western's trademarks and logos ("Marks") by September 3, 2021 and to make arrangements to pay then outstanding balance owed of $111,767.77 and the liquidated damages owed of $25,000. The letter explained that additional charges would be billed on future invoices, including September and October 2021, as charges/services are billed in arears. *Id*. Defendant did not respond and did not pay the amounts owed.

22. After the termination, Best Western continued to send invoices to Defendant, which were ignored. (Ex. 2, September to November 2021 Invoices.)

23. On November 16, 2021, Best Western sent a demand letter to Defendant with respect the amounts owed to Best Western, referencing the November 1, 2021 invoice for $124,713.41 and the liquidated damages owed in the amount of $25,000 for a total of $149,612.84. (Ex. 5, Letter dated 11/16/21.)

24. In its November 16, 2021 letter, Best Western invited a discussion about the amounts owed, but Defendant did not respond. (*Id*.)

25. On December 20, 2021, Best Western's outside counsel sent a demand letter to Defendant with respect to the amounts owed. Defendant did not respond. (Ex. 6, Letter dated 12/20/21.)

26. To date, Defendant has failed to pay as required by the Distribution Agreement. As of January 1, 2022, the total outstanding amounts for pre-termination services, fees and charges, with interest, per the Distribution Agreement is $127,199.46 and the liquidated damages per the Distribution Agreement is $25,000, for a total amount owed of $152,199.46. (*See* Ex. 2, January 1, 2022 Monthly Statement.)

27. As of the date of the complaint, Defendant still has not paid Best Western

4

for their outstanding account balance or the liquidated damages. With service charges for non-payment, as set forth in the Distribution Agreement, the outstanding account balance will grow each month.

28. Upon information and belief, the Hotel remains open and operating as the Camrose Resort & Casino with a website address of www.camroseresortcasino.com.

## COUNT I – BREACH OF CONTRACT

29. Best Western incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

30. The Distribution Agreement is a valid, binding and enforceable contract.

31. Defendant has refused to and continues to refuse to pay Best Western the amounts due and owing as required by the Distribution Agreement.

32. Best Western fully performed its obligations under the parties' contract.

33. Defendant's performance under the parties' contract was not excused.

34. To date, Defendant has failed to pay as required by the Distribution Agreement. As of January 1, 2022, the total outstanding amounts for pre-termination services, fees and charges, with interest, per the Distribution Agreement is $127,199.46 and the liquidated damages per the Distribution Agreement is $25,000, for a total amount owed of $152,199.46.

35. Pursuant to the express terms of the Distribution Agreement, interest has accrued and continues to accrue on the unpaid amounts at 1.5% per month until paid in full.

## COUNT II – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

36. Best Western incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

37. The Distribution Agreement is a valid, binding, and enforceable contract.

38. The agreement contains an implied covenant of good faith and fair dealing.

39. Defendant's conduct, as described herein, constitutes a breach of the

covenant of good faith and fair dealing implied in the contract.

40. As a direct and proximate result of Defendant's misconduct and failure to perform the parties' contract, Best Western has suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Best Western International, Inc. seeks judgment against Defendant as follows:

A. An award to Best Western of its damages in an amount to be proven at trial;

B. Attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01, and any other applicable law;

C. Pre- and post-judgment interest; and

D. Any other relief the Court deems just and proper.

DATED this 21st day of January, 2022.

PAPETTI SAMUELS WEISS LLP

/s/Jennifer Lee-Cota
Jared Sutton
Jennifer Lee-Cota

*Attorneys for Plaintiff Best Western International, Inc.*

Papetti Samuels Weiss LLP
Scottsdale Quarter
15169 North Scottsdale Road, Suite 205
Scottsdale, AZ 85254