**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International Incorporated, | No. CV-22-00119-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Mayfield Investments Limited, | |
| Defendant. | |

Pending before the Court is Plaintiff Best Western International Incorporated's ("Plaintiff") Motion for Entry of Default Judgment Against Defendant Mayfield Investments Limited ("Defendant") (Doc. 16). The Motion is unopposed, and the time to file a response has passed. *See* LRCiv 7.2(c). For the reasons below, the Court will grant Plaintiff's Motion.

**I.   Background**

On March 6, 2017, Defendant executed a Distribution Agreement ("Agreement") with Plaintiff for a hotel in Camrose, Alberta, Canada. (Doc. 1-2 at 2–12). The Agreement required Defendant to pay fees and/or charges to Plaintiff. (*Id.* at ¶ 11). The Agreement also provided that if Plaintiff cancelled the Agreement for cause, Defendant would be required to pay Plaintiff liquidated damages in the amount of $25,000. (*Id.* at ¶ 14).

Plaintiff filed its Complaint on January 21, 2022, against Defendant for breach of contract and breach of the implied covenant of good faith and fair dealing. (Doc. 1 at 5–6). On March 3, 2022, Plaintiff served the firm that represents Defendant through Lena

Matechuck, the office manager of Duncan Craig LLP. (Doc. 7-1 at 4; Doc. 9 at 1). Defendant's deadline to answer or defend was March 24, 2022. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant did not respond or otherwise appear in this action.

On May 13, 2022, Plaintiff filed an application for entry of default. (Doc. 11). On May 17, 2022, the Clerk entered default against Defendant. (Doc. 12). On June 30, 2022, Plaintiff filed a Motion for Default Judgment (Doc. 16); Defendant did not file a Response.

## II.     Default Judgment

Federal Rule of Civil Procedure 55(b)(2) governs applications for default judgment. Entry of default judgment is within a court's discretion. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). Before assessing the merits of a plaintiff's motion for default judgment, the Court must confirm that it has subject-matter jurisdiction over the case and personal jurisdiction over the defendant. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

Once a court finds jurisdiction, it must consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and, (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1472 (9th Cir. 1986). Upon entry of default, the factual allegations in a complaint, except those relating to damages, are deemed admitted. *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir. 1987).

## III.    Jurisdiction and *Eitel* Analysis

The Court will first confirm that it has subject matter jurisdiction over the case and personal jurisdiction over Defendant.

### A. Subject Matter Jurisdiction

Federal courts have jurisdiction under 28 U.S.C. § 1332 when: (1) there is a complete diversity of citizenship among the parties, *i.e.*, no plaintiff is a citizen of the same state as any defendant; and (2) the amount in controversy exceeds $75,000.00. Plaintiff, a citizen of Arizona, brings a breach of contract claim for damages exceeding $75,000

against Defendant, a citizen of Canada. (Doc. 1 at ¶¶ 1–2). It follows that the Court has subject matter jurisdiction. *See* 28 U.S.C. § 1332(a)(1).

**B. Personal Jurisdiction**

The Court must now determine whether it has personal jurisdiction over Defendant. "It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." *Donell v. Keppers*, 835 F. Supp. 2d 871, 876 (S.D. Cal. 2011) (default-judgment case) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)). "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A federal court sitting in diversity borrows the long-arm jurisdictional statute of the forum state. *See, e.g.*, *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987). Arizona's long-arm statute authorizes the exercise of personal jurisdiction on any basis that is consistent with the state or federal constitution. Ariz. R. Civ. P. 4.2(a); *A. Uberti & C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995). The personal-jurisdiction analysis thus collapses into a single inquiry under federal due process. *See, e.g.*, *Lake*, 817 F.2d at 1420.

Plaintiff represents that Defendant consented to jurisdiction when it executed a contract with Plaintiff "that contained a forum selection clause requiring any dispute to be resolved in Maricopa County, Arizona, according to Arizona law." (Doc. 1 at ¶ 6). A contract's forum selection clause alone is sufficient to confer personal jurisdiction. *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1406–07 (9th Cir.1994); *Productive People, LLC v. Ives Design*, 2009 WL 1749751, at *1 (D. Ariz. June 18, 2009)) (finding that at the initial stage of litigation, a party seeking to establish jurisdiction need only make a prima facie showing by alleging facts which, if true, would support the court's exercise of jurisdiction) (internal citation and quotations omitted)). Under the Agreement, the parties agreed that "[e]xclusive jurisdiction and venue for any dispute is Maricopa County, Arizona." (Doc.

1-2 at 7). The Court thus finds it has personal jurisdiction over Defendant.

Because the Court has jurisdiction over the subject matter of this case and its parties, it will proceed to evaluate the *Eitel* factors to assess the merits of Plaintiff's Motion for Default Judgment.

### a. Possible Prejudice

Here, the first factor weighs in favor of granting Plaintiff's Motion because Plaintiff will be prejudiced if this case remains unresolved. The record reflects that Plaintiff properly served Defendant. (Doc. 7-1 at 1–4; Doc. 9 at 1). Defendant has not responded to this action. If the motion is not granted, Plaintiff "will likely be without other recourse for recovery." *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### b. Merits of Plaintiff's Claim and Sufficiency of Complaint

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief upon which the plaintiff may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978)); *Pepsico, Inc.*, 238 F. Supp. 2d at 1175. "Upon entry of default, the facts alleged to establish liability are binding upon the defaulting party." *Danning*, 572 F.2d at 1388. "However, it follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Id*.

The second and third *Eitel* factors also weigh in favor of granting the Motion. These factors require a plaintiff to "state a claim on which the [plaintiff] may recover." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. To prevail on a breach of contract claim under Arizona law, "a plaintiff must show a contract, a breach of contract, and damages." *Best W. Int'l, Inc. v. Patel*, 523 F. Supp. 2d 979, 988 (D. Ariz. 2007) (*citing Graham v. Asbury*, 540 P.2d 656, 657 (Ariz. 1975)). Plaintiff has alleged that Defendant breached a valid, written contract

between the parties because Defendant failed to make payments under the contract. (Doc. 1 at ¶ 10–12). Thus, based on the facts described in the Motion for Default Judgment and in the Complaint, Plaintiff has pled a *prima facie* case that Defendant breached the contract.

### c.   Money at Stake

Regarding the fourth factor, the Court considers the amount of money at stake in relation to the seriousness of Defendants' conduct. *See PepsiCo, Inc*, 238 F. Supp. 2d at 1176. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Gemmel v. Systemhouse, Inc.*, 2008 WL 65604, at *4 (D. Ariz. Jan. 3, 2008).

Here, Plaintiff seeks $152,199.46 plus interest for the services it provided at Defendant's request. (Doc. 1 at ¶ 8). This sum is proportionate to the work performed by the Plaintiff as evidenced by the Complaint and invoices. (Doc. 1-2 at 15–75). Therefore, the fourth *Eitel* factor weighs in favor of entry of default judgment.

### d.   Potential Disputes of Material Fact

There are no disputes of material fact considering that Defendants, who have been served, have not responded to the Motions for Default or Default Judgment, and have failed to defend this matter. The fifth factor therefore supports entry of default judgment.

### e.   Excusable Neglect

Similarly, the sixth factor supports entry of default judgment because there is no evidence that Defendant's default was due to excusable neglect. Rather, the record reflects that Defendant was properly served and provided ample time to answer or defend. (Doc. 9 at 1). There is no evidence of excusable neglect for Defendant's failure to defend this case. This factor weighs in favor of entering default judgment.

### f.   Policy Favoring Decision on the Merits

As to the final factor, the Court considers the public policy that cases should be tried on the merits whenever possible. *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, indicates that this policy is not absolute. *PepsiCo, Inc*, 238 F.Supp.2d. at

1177. Defendant's failure to defend this matter and abide by Court Orders makes a decision on the merits impossible. *See e.g.*, *Dr. JKL Ltd.*, 749 F. Supp. 2d at 1051 (finding defendants "failure to comply with the judicial process makes a decision on the merits likely impossible"). The Court is mindful of the preference for resolving cases on their merits, but Defendant has not responded here and therefore the Court finds this factor weighs in favor of granting default judgment.

Overall, the Court finds the *Eitel* factors support entry of default judgment in favor of Plaintiff.

## IV.   Damages

Having found that entry of default judgment is proper, the Court must now determine Plaintiff's damages. In contrast to the other allegations in a complaint, allegations pertaining to damages are not automatically taken as true. *TeleVideo Sys., Inc.*, 826 F.2d at 917–18. "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011); Fed. R. Civ. P. 54(c). This is so a defendant may know from the complaint what the potential award may be, and the defendant may then decide whether a response is worthwhile. *See e.g.*, *Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007) (limiting damages in a default judgment award to what is "specified in the [complaint's] 'demand for judgment'. . . ensures that a defendant who is considering default can look at the damages clause, satisfy himself that he is willing to suffer judgment in that amount, and then default without the need to hire a lawyer").

Here, the damages Plaintiff seeks in the Motion do not differ in kind from what was initially demanded in the Complaint. (Doc. 1 at ¶ 26). Plaintiff seeks $152,199.46 plus pre- and post-judgment interest for breach of contract. (Doc. 16 at 6). The amount comprises of (1) $127,199.46 in services, fees and charges, with interest; and (2) $25,000 in liquidated damages. (Doc. 1 at ¶ 26). "The Court may enter a default judgment without a damages hearing when . . . 'the amount claimed is a liquidated sum or capable of

mathematical calculation.'" *Capitol Specialty Ins. Corp. v. Chaldean LLC*, 2022 WL 2953062, at *6 (D. Ariz. July 26, 2022) (quoting *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 947 (D. Ariz. 2013)); *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

The requested damages are a definite sum comprised of pre-termination services, fees and charges. (Doc. 1 at ¶ 26). The requested damages are supported by the Declaration of Emily Cates, Plaintiff's Senior Corporate Counsel, and the various invoices attached to the Complaint. (Doc. 16-1, 2–4; Doc. 1-2 at 15–75). *See Doe v. United States*, 2018 WL 2431774, at *8 (D. Ariz. May 30, 2018) ("In determining damages, a court can rely on declarations submitted by the plaintiff[.]") (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal 2003)).

The Court finds that Plaintiff's motion, the Declaration of Emily Cates, and attached exhibits sufficiently establish the amount of damages suffered by Plaintiff. (Docs. 16, 16-1, 1-2). The Court will therefore enter default judgment against Defendant in the amount of $152,199.46, plus pre- and post-judgment interest. The Court will also allow Plaintiff's Counsel to file a motion for attorneys' fees.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Entry of Default Judgment (Doc. 16) is **granted**. Default judgment shall be entered by the Clerk of Court, in favor of Plaintiff and against Defendant in the amount of $152,199.46, accruing pre-judgment interest at the rate of 1.5% per month, from January 1, 2022, until the date of the entry of this judgment, and accruing post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a) from the date of entry of this judgment until the judgment is paid in full.

**IT IS FINALLY ORDERED** that Plaintiff may file a motion for costs and attorneys' fees within 14 days of the entry of this Order.

Dated this 6th day of January, 2023.

Honorable Diane J. Humetewa
United States District Judge